Jose MONTES, et al., Plaintiffs,

v.

ASHER & COMPANY, C.P.A.,
et al., Defendants.

No. 3:01CV7257.

United States District Court,
N.D. Ohio,
Western Division.

Jan. 3, 2002.

Bruce S. Goldstein, South Euclid, Thomas C. Loepp, Maistros & Loepp, Stow, OH, for Plaintiffs.

James P. Silk, Jr., Spengler Nathanson, Toledo, OH, for Defendants.

## ORDER

CARR, District Judge.

This case involves a claim of professional malpractice by an accountant, Kimberly Asher. Plaintiffs sue her and the firm of which she is a member. Pending is plaintiffs' motion for summary judgment as to the first count of the complaint. That count alleges professional malpractice by Ms. Asher.

For the reasons that follow, the motion for summary judgment shall be granted as to liability and denied as to the amount of the damages.

Plaintiffs owned a McDonald's restaurant, which they sold back to that company for $450,000. They sought accounting assistance and advice from Ms. Asher. Part of their discussion with Ms. Asher included the possibility of purchasing another restaurant. Under 26 U.S.C. 1031, a transaction involving investment or commercial property of a like-kind does not involve a gain or loss.

Ms. Asher did not discuss the possibility of a "like-kind" transaction or its possible tax savings. In her deposition she acknowledged, however, that the plaintiffs might have been able to use a like-kind exchange. She also acknowledged that, had plaintiffs done so, they might have eliminated some of the taxable gain from the sale of their restaurant.

In Ohio, a professional, such as an accountant, is required to exercise the skill and knowledge normally possessed by members of that profession. Professional performance is evaluated on the basis of reasonable competence. *Richard v. Staehle*, 70 Ohio App.2d 93, 98–99, 434 N.E.2d 1379 (1980).

A reasonable jury only could find that Ms. Asher, by failing to discuss the like-kind option with plaintiffs, breached this standard of care.

To recover, plaintiffs also must prove that they were injured by Ms. Asher's breach of her professional duties to them. *See, e.g., Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 597 N.E.2d 504 (1992)

(elements of malpractice claim are: 1) duty; 2) breach; and 3) injury or damages). Whether, and, if so, to what extent, plaintiffs were damaged as a result of the failure to discuss the like-kind option are genuinely in dispute between the parties.

Thus, plaintiffs will be granted summary judgment to the extent that trial on their malpractice claim will be limited to the issues of whether the defendants' breach of their duty caused any damage, and if so, the amount of their recovery. The issues of proximate cause and injury (and its extent) remain, therefore, for trial.

It is, therefore,

ORDERED THAT summary judgment be granted as to count one of plaintiffs' complaint in favor of the plaintiffs and against the defendants on the issues of defendants' duty to plaintiffs and their breach of that duty; such judgment shall be denied on the issues of proximate cause, injury, and damages.

So ordered.